UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                         CASE NO.: 4:05-CR-048-SPM

**GABRIEL RAMOS,**

    **Defendant.**
_____/

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

**THIS CAUSE** comes before the Court upon the "Defendant's Renewed Motion for a Judgment of Acquittal" (doc. 45) filed March 3, 2006.  Defendant files his motion pursuant to Federal Rule of Criminal Procedure 29(c), under which a district court may grant a judgment of acquittal after the jury has returned its verdict.  For the reasons set forth below, the Court finds the motion must be denied.

> In considering a JOA motion:
>
> a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction.  The district court must view the evidence in the light most favorable to the government.  The court must resolve any conflicts in the evidence in favor of the government, and must accept all reasonable inferences that tend to support the government's case.  The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999)(internal citations

and footnote omitted).

A violation of possession with intent to distribute under 21 U.S.C. § 841 occurs when an individual knowingly possesses a controlled substance with the intent to deliver or transfer possession of the substance to another.  The Eleventh Circuit has held that constructive possession is sufficient to prove the possession prong under § 841(a). United States v. Clay, 355 F.3d 1281, 1284 (11th Cir. 2004).  "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998)(*citing* United States v. Derose, 74 F.3d 1177, 1185 (11th Cir.1996)).

In United States v. Williams, 2006 WL 12967, *1 (11th Cir. Jan. 4, 2006), the court found the defendant to be in constructive possession of marijuana and cocaine because the evidence showed he was the driver of the vehicle in which the drugs were located and that he had driven the vehicle for a long time. Id. at *3. In United States v. Maspero, 496 F.2d 1354 (5th Cir. 1974),[1] the court held that the jury was entitled to find that the defendant, being in the cab of a tractor-trailer, had "enough control over its progression and destination to constitute

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981 constitute binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Ci r. 1981)(en banc).

constructive possession." Id. at 1359.  Similarly, in United States v. Lacouture, 495 F.2d 1237 (5th Cir. 1974), the defendant was the driver and sole occupant of the vehicle in which the drugs were found, and thus a finding of constructive possession was proper.  Id. at 1239.

Additionally, an intent to distribute may be inferred simply from the amount of drugs involved.  United States v. Hernandez, 433 F.3 1328, 1333 (11th Cir. 2005).  In viewing the evidence in the light most favorable to the Government, it appears that Defendant was the only occupant and driver of the tractor-trailer.  Although he himself did not load the cargo onto the truck, he was in sole possession and control of it from the time he left California to the time he was stopped at the Live Oak, Florida inspection station.  The back of the truck was to have been locked and sealed, thus preventing someone else from gaining access to that area.  There was no testimony at trial that Defendant permitted anyone to drive or ride in the truck with him; neither was there testimony that Defendant permitted anyone to enter the cargo area of the truck.  The jury was well within its province in finding that Defendant possessed the cocaine, either actually or constructively.

Furthermore, when Defendant was stopped at Live Oak, he was in possession of 500 kilograms of cocaine, worth a total of 2.5 million dollars—a more than sufficient amount from which a jury could infer that Defendant intended to distribute the drugs when he reached his destination.  See United

States v. Perez-Tosta, 36 F.3d 1552 (11th Cir. 1994)(70 kilograms); United States v. Carrascal-Olivera, 755 F.2d 1446 (11th Cir. 1985)(8 kilograms); United States v. Leonard, 138 F.3d 906 (11th Cir. 1998)(9 kilograms).

A rational jury certainly could have found Defendant guilty beyond a reasonable doubt upon these facts. Defendant's arguments have not met the standard enunciated in Ward for a judgment of acquittal to be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Renewed Motion for Judgment of Acquittal (doc. 45) is hereby *denied*.

**DONE AND ORDERED** this thirteenth day of March, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

/pao